UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHARON DELUCCA : | |
|    *Plaintiff* : | |
| : | |
| vs. : | C.A. No. 13-155-ML |
| : | |
| NATIONAL EDUCATION ASSOCIATION : | |
| OF RHODE ISLAND, ROGER WILLIAMS : | |
| UNIVERSITY FACULTY ASSOCIATION, : | |
| INC., and MELVYN A. TOPF, : | |
|    *Defendants* : | |

**ANSWER OF NATIONAL EDUCATION ASSOCIATION OF RHODE ISLAND, ROGER WILLIAMS UNIVERSITY FACULTY ASSOCIATION, INC. AND MELVYN A. TOPF TO THE PLAINTIFF'S COMPLAINT**

National Education Association of Rhode Island (hereinafter "NEARI"), Roger Williams University Faculty Association, Inc. (hereinafter "RWUFA") and Melvyn A. Topf (hereinafter collectively referred to as "Defendants") hereby respond to the Plaintiff's Complaint as follows:

1. Defendants admit that the present action can be summarily described as stated in paragraph 1 of the Plaintiff's Complaint but deny the assertions contained in that paragraph.

JURISDICTION AND FACTS

2. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the Plaintiff's Complaint and therefore, leave Plaintiff to her proof.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

1

7. Defendants are without sufficient knowledge or information to admit or deny that the grievance referenced in this paragraph was meritorious but admit the remaining allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore, leave Plaintiff to her proof.

14. Admitted.

15. Admitted.

16. Defendants admit the allegations in the first two sentences of paragraph 16 of the Complaint as they relate to the arbitration referenced in paragraph 11 of the Complaint and deny the remaining allegations in that paragraph.

17. Admitted.

18. Admitted.

19. Denied.

20. Admitted.

21. Denied.

22. Defendants deny that the March 27, 2012 letter referenced in paragraph 22 of the Complaint gave a summation of what Ms. Woolley knew of the grievance and substance of the arbitration, ignoring the aspect of the grievance whereby Plaintiff was seeking additional

compensation for work performed beyond the scope of the CBA for a tenured, full-time faculty member of Roger Williams University. Defendants admit the remaining allegations in paragraph 22 of the Complaint.

    23.    Denied.

    24.    Admitted.

    25.    Admitted.

    26.    Defendants admit the allegations in the first sentence of paragraph 26 of the Complaint, with the exception that no meeting or vote by the Grievance Committee occurred, which allegation is denied. Defendants are unable to admit or deny the remaining allegations contained therein and therefore, leave Plaintiff to her proof.

    27.    Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 27 of the Plaintiff's Complaint and therefore, leave Plaintiff to her proof.

    28.    Defendants admit that Article II of the RWUFA Constitution provides in part that the RWUFA will seek "to represent members' rights through the grievance process . . . ." Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 28 of the Complaint and therefore, leave Plaintiff to her proof.

    29.    Defendants admit the RWUFA Constitution was revised in June, 2010 and that paragraph 29 of the Complaint sets forth some language contained in Section 3 of Article IX of the RWUFA Constitution but deny that that paragraph accurately sets forth all of the language in that section of the RWUFA Constitution.

    30.    Defendants admit that paragraph 30 of the Complaint sets forth some language contained in Section 1 of Article IX of the RWUFA Constitution but deny that that paragraph accurately sets forth all of the language in that section of the RWUFA Constitution.

31.     Defendants admit that paragraph 31 of the Complaint sets forth some language contained in Section 1 of Article IX of the RWUFA Constitution but deny that that paragraph accurately sets forth all of the language in that section of the RWUFA Constitution.

32.     Defendants admit that paragraph 32 of the Complaint sets forth some language contained in Section 1 of Article IX of the RWUFA Constitution but deny that that paragraph accurately sets forth all of the language in that section of the RWUFA Constitution.

33.     Defendants admit Section 1 of Article IX of the RWUFA Constitution provides in part that "Each committee shall be expected to report its actions to the President of the Association" but deny that that paragraph 33 accurately sets forth all of the language in that section of the RWUFA Constitution.

34.     Admitted.

35.     Denied.

36.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 36 of the Complaint and therefore, leave Plaintiff to her proof.

37.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 37 of the Complaint and therefore, leave Plaintiff to her proof.

38.     Defendants admit that paragraph 38 of the Complaint sets forth some language contained in Section 6 of Article VIII of the RWUFA Constitution but deny that that paragraph accurately sets forth all of the language in that section of the RWUFA Constitution.

39.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 39 of the Complaint and therefore, leave Plaintiff to her proof.

40.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 40 of the Complaint and therefore, leave Plaintiff to her proof.

41. Defendants admit that the RWUFA Grievance Committee reconsidered its initial decision to withdraw the arbitration referenced in paragraph 11 of the Complaint. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 41 of the Complaint and therefore, leave Plaintiff to her proof.

42. Defendants admit that on October 11, 2012, the RWUFA Grievance Committee unanimously voted to reverse its May 9, 2012 decision to withdraw the arbitration referenced in paragraph 11 of the Complaint and notified the Plaintiff of that decision on October 12, 2012. Defendants deny the remaining allegations contained in paragraph 42 of the Complaint.

43. Denied.

44. Defendants admit the allegations contained in the first sentence of paragraph 44 of the Complaint and deny the allegations contained in the second sentence of that paragraph.

## COUNT I

### ALLEDGED BREACH OF DUTY OF FAIR REPRESENTATION BY NEARI

45. Defendants responses to paragraphs 1 through 44 of the Complaint are incorporated herein by reference.

46. Denied.

## COUNT II

### ALLEDGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY NEARI

47. Defendants responses to paragraphs 1 through 46 of the Complaint are incorporated herein by reference.

48. Denied.

49. Denied.

50. Denied.

## COUNT III

### ALLEDGED BREACH OF DUTY OF FAIR REPRESENTATION BY RWUFA

51. Defendants responses to paragraphs 1 through 50 of the Complaint are incorporated herein by reference.

52. Denied.

53. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 53 of the Complaint and therefore, leave Plaintiff to her proof.

## COUNT IV

### ALLEDGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY RWUFA

54. Defendants responses to paragraphs 1 through 53 of the Complaint are incorporated herein by reference.

55. Denied.

56. Denied.

57. Denied.

## COUNT V

### ALLEDGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY MEL TOPF

58. Defendants responses to paragraphs 1 through 42 of the Complaint are incorporated herein by reference.

59. Admitted.

60. Admitted.

61. Denied.

62. Denied.

63. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 63 of the Complaint and therefore, leave Plaintiff to her proof.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

### FIRST AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims relating to or arising out of conduct or actions taking place more than six (6) months prior to the filing of Plaintiff's Complaint are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Alternatively, Plaintiff's claims are premature, as she alleges no actionable injury or damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were caused, if at all, by the actions or conduct of others for whom Defendants have no responsibility and/or liability.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged injuries were caused, if at all, in whole or in part by her own negligence or lack of due care, and Defendants claim all defenses related to that negligence and/or lack of due care, including but not limited to the defense of comparative negligence.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's intentional infliction of emotional distress claims are preempted by federal labor law.

Defendants hereby claim a trial by jury on all claims so triable and designated Dennis T. Grieco II and Gerard P. Cobleigh as their trial counsel.

WHEREFORE, Defendants pray for the entry of judgment in their favor on all claims and/or counts of the Complaint, awarding them their attorney's fees and costs in defending this action and such further relief as this Court may deem just and proper.

Defendants,
NEARI, RWUFA and Melvyn A. Topf
By their Attorneys,

/s/ Dennis T. Grieco II
_____
Dennis T. Grieco II, Esq. (#5057)
Grieco Law
70 Jefferson Boulevard, Suite 301
Warwick, RI  02888
Tel:  (401) 432-7400 / Fax: (401) 461-4107
DGrieco@grieco-law.com

/s/ Gerard P. Cobleigh
_____
Gerard P. Cobleigh, Esq. (#0232)
Cobleigh & Giacobbe
70 Jefferson Boulevard, Suite 301
Warwick, RI  02888
Tel:  (401) 941-5900 / Fax: (401) 461-4107
GCobleigh@aol.com

## **CERTIFICATE OF SERVICE**

Dante J. Giammarco, Esq.
Visconti, Boren & Campbell, Ltd.
55 Dorrance Street, Suite 301
Providence, RI  02903

     I hereby certify that a true copy of the foregoing document was served upon each attorney of record as set forth above, via U.S. Mail, postage prepaid on the 3rd day of April, 2013.

                           /s/ Dennis T. Grieco II
                           _____